**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wilbur E. DEAN and Dolores C. Dean,
Defendants-Appellants.**

No. 75–1159.

United States Court of Appeals,
Sixth Circuit.

July 14, 1975.

Joseph H. Blackwell, Willis, White-head, Adrine, Childs & Blackwell, Cleveland, Ohio, for defendants-appellants.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, Scott P. Crampton, Gilbert E. Andrews, Tax Div. Dept. of Justice, Washington, D. C., Karl Schmeidler, Wynette J. Hewett, Carleton D. Powell, for plaintiff-appellee.

Before CELEBREZZE, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

This appeal is from a decision granting summary judgment for the Government in its quest to reduce a jeopardy assessment to judgment and to obtain satisfaction therefor. Appellants argue that the assessment was arbitrary and factually unsupported, and they mount two other attacks on the Judgment, which requires them to pay $479,996.31, plus interest, in wagering taxes for the period from April 1963 to April 1965. The District Court's Judgment of October 21, 1974 further authorizes the Government to foreclose a lien on Appellants' real estate in satisfaction of their debt.

A procedural problem confronts us at the outset—compliance with Rule 58, Fed.R.Civ.P. On October 8, 1974, the District Court issued an "Order," which contained findings and conclusions and stated that the Court "enters summary judgment" for the Government on the issue of Appellants' liability for the assessed taxes. The "Order" further stated,

> [T]he Government's motion for summary judgment on its claim that it is entitled to an order foreclosing its liens . . . is granted.

Because a third-party defendant's cross-claim required a hearing and because the Court found itself unable to enter an order of sale and distribution until this additional matter was decided, it set down the cross-claim for hearing. No "separate document" was prepared based on this "Order" which would have made its provisions a "final order" under Rule 58. On October 10, 1974, Appellants nonetheless filed a notice of appeal "from the Order entered in this proceeding" on October 8.

On October 21, 1974, the District Court entered a second "Order," which declared that the cross-claim was to be dismissed, the cross-claimant and Appellants having settled their differences. This second "Order" indicates the District Court's belief that Appellants desired to appeal its prior "Order" but had not yet done so:

> The defendants have indicated that they intend to appeal this Court's order of October 7, 1974, [(which was filed on October 8)] in which summary judgment was entered in favor of the Government. Should such an appeal be taken, execution of the decree ordering sale and distribution of the . . . property will be stayed pending appeal.

On October 21, 1974, a document styled "Separate Judgment" was entered granting judgment on the Government's claims against Appellants.

The October 8 "Order" from which Appellants noticed their appeal was not a final decision appealable to this Court under 28 U.S.C. § 1291 (1970). Decisions of the Supreme Court and this Court have made clear the necessity for a "separate document" under Rule 58 to give this Court jurisdiction of an appeal. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973); *Cloyd v. Richardson,* 510 F.2d 485 (6th Cir. 1975); *Columbus Coated Fabrics v. Industrial Commission of Ohio,* 498 F.2d 408 (6th Cir. 1974); *Richland Trust Co. v. Federal Ins. Co.,* 480 F.2d 1212 (6th Cir. 1973). If the October 8 "Order" were the only docket entry by the District Court, we would be required to remand the case to the District Court for entry of a judgment from which an appeal could be taken.

Here, however, the District Court did enter a separate document embodying the provisions of the October 8 "Order." The uncertainties which the "separate document" rule were intended to

resolve, *Indrelunas,* 411 U.S. at 220–21, 93 S.Ct. 1562, pose no problem here, since October 21, when the separate document was entered, is the reference point to resolve disputes concerning the time of the judgment's efficacy. Although Appellants should have filed a notice of appeal from the October 21 Judgment, they have manifested their intention to appeal therefrom. A final decision exists over which we may exercise jurisdiction, and we construe Appellants' notice of appeal as applicable to the October 21 Judgment.

Turning to the merits of the appeal, we find Appellants' objections to be without merit.

They contend, first, that the jeopardy assessment was arbitrary and factually unsupported. In opposition to the Government's motion for summary judgment and in the face of the Government's detailed affidavit showing the manner in which the assessment was calculated, however, Appellants filed no response. When a taxpayer challenges an assessment, he has the burden of coming forward with evidence to show that the assessment is erroneous. *United States v. Rexach,* 482 F.2d 10, 15–17 (1st Cir.), *cert. denied,* 414 U.S. 1039, 94 S.Ct. 540, 38 L.Ed.2d 330 (1973). *Cf. Weir v. Commissioner of Internal Revenue,* 283 F.2d 675 (6th Cir. 1960). Appellants' total failure to raise objection to the Government's showing of the basis for its assessment properly resulted in the grant of summary judgment for the Government.

Second, Appellants argue that the search and seizure of materials on which the assessment was based were illegal and that the assessment should therefore be declared improper as well. In a related case, we specifically held that the search and seizure herein were legal. *United States v. One 1965 Buick,* 392 F.2d 672, 678 (6th Cir. 1968), *rehearing denied,* 397 F.2d 782, 784 (6th Cir. 1968). Although in *Dean v. United States,* 402 U.S. 937, 91 S.Ct. 1602, 29 L.Ed.2d 105 (1971), our holding on the applicability of the Fifth Amendment to the forfeiture proceeding in *One 1965 Buick* was remanded by the Supreme Court for reconsideration in light of *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971), we reiterate our holding that the search and seizure were valid and that evidence obtained therefrom properly entered into the assessment of wagering taxes.

Finally, Appellants argue that they should not be required to pay interest on the amount assessed to the extent that the Government failed to credit them for interest during the period when seized funds were held in violation of their Fifth Amendment rights, as determined in *United States v. United States Coin and Currency,* 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).[1] Appellants requested in 1965 that the Government invest the seized funds in interest-bearing securities, but the request was denied.

Whether funds seized in a forfeiture action must be invested by the Government during the pendency of proceedings is a question not before us. Our only concern is whether the jeopardy assessment and the interest added thereon are proper. Appellants have shown nothing to call into question the validity of the amount of interest assessed. *See* 26 U.S.C. § 6601(a) (1970).

The Judgment of the District Court is affirmed.

---

1. The related proceedings began when the Government sought to have funds forfeited which had been seized during an April 5, 1965 search of Appellants' premises. This action was eventually dismissed in light of *United States Coin and Currency.*