Howard JACKSON, Plaintiff-Appellant,

v.

TENNESSEE VALLEY AUTHORITY
and Ickes-Braun Glasshouses, Inc.,
Defendants-Appellees.

No. 76–1841.

United States Court of Appeals,
Sixth Circuit.

Decided April 6, 1979.

Harlan Dodson, Hooker, Keeble, Dodson & Harris, Nashville, Tenn., George R. Fleming, Marks & Fleming, Clarksville, Tenn., for plaintiff-appellant.

Herbert S. Sanger, Jr., Charles W. Van Beke, Larry S. Bush, Tennessee Valley Authority, Knoxville, Tenn., John K. Maddin, Jr., Gracey, Maddin, Cowan & Bird, James E. Zwickel, Nashville, Tenn., for defendants-appellees.

Before CELEBREZZE, ENGEL and KEITH, Circuit Judges.

PER CURIAM.

This cause is before this Court for the second time. After the district court ruled in favor of both defendants on the merits, plaintiff timely filed a notice of appeal and appealed to this Court. We vacated the judgment of the district court, *sua sponte*, and remanded for consideration of subject matter jurisdiction. Upon hearing, the district court concluded that it had subject matter jurisdiction as to both defendants and it "ordered that the judgment of [the district court] entered on March 17, 1976, be and is hereby reinstated." No new notice of appeal was filed by plaintiff.

The initial question we must face is whether we have jurisdiction to hear this appeal since no notice of appeal was filed after the district court's order "reinstating" its prior judgment. We hold that we do

have jurisdiction. While the better practice would have been to file a new notice of appeal, we do not find this fault to be fatal since the initial notice of appeal was timely filed. While the district court's latest order could be interpreted as a new judgment from which a new appeal should be taken, it is ambiguous. "Reinstating" the prior judgment could also be interpreted as relating back to the date of the prior judgment, which would preserve the initial notice of appeal. We choose to resolve this ambiguity in favor of finding jurisdiction. *See generally United States v. Dean*, 519 F.2d 624, 625–26 (6th Cir. 1975).

In a very similar context, the Supreme Court noted:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.
>
> *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

 The procedural posture of this cause is analogous to a premature filing of a notice of appeal, *i. e.,* a filing before entry of any final judgment. It is "clear that an appeal should not be dismissed because it was technically premature if in fact an appealable judgment or order was rendered below, the appellant clearly manifested his intent to appeal from it and the prevailing party below can show no prejudice resulting from the prematurity of the notice." 9 J. Moore, Moore's Federal Practice ¶ 204.14, at 983 (2d ed. 1975). Moore adds that while many "cases overlook sloppy practice, they do not authorize it." *Id. See also Alexander v. Aero Lodge No. 735*, 565 F.2d 1364,

1370–71 (6th Cir. 1977), *cert. den.* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978).

Turning to the substance of the appeal, we agree with the district court that it had subject matter jurisdiction. We affirm its judgment in this regard on the basis of the district court's opinion rendered after remand. *Jackson v. Tennessee Valley Authority*, 462 F.Supp. 45 (M.D.Tenn.1978).

On the merits of the case, we also agree with the district court's holding in favor of defendants. We affirm its judgment in this regard on the basis of the district court's original opinion. *Jackson v. Tennessee Valley Authority*, 413 F.Supp. 1050 (M.D.Tenn. 1976).

The judgment of the district court is affirmed.