833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The RAPP BUSINESS CORPORATION, Plaintiff-Appellant,
v.
Leroy ESLINGER, Defendant-Appellee.
 No. 87-3727.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1987.
 
 Before ENGEL and CORNELIA G. KENNEDY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals from an order granting the defendant's motion for summary judgment in this common law fraud action for damages and injunctive relief. The defendant now moves to dismiss on grounds that the plaintiff failed to file a timely notice of appeal. The plaintiff has responded in opposition thereto.
 
 
 2
 On June 25, 1987, the district court entered an order granting the defendant's motion for summary judgment. The plaintiff filed a notice of appeal from that order on July 28, 1987.
 
 
 3
 Rule 4(a)(1), Federal Rules of Appellate Procedure, provides that a notice of appeal shall be filed within thirty (30) days after entry of the judgment appealed from. However, it appears from the district court docket sheet that no judgment was set forth on a separate document as required by Rule 58, Federal Rules of Civil Procedure. See Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd., 650 F.2d 633 (5th Cir.1981) (holding, inter alia, that a separate document is required when a motion for summary judgment is granted); United States v. Dean, 519 F.2d 624 (6th Cir.1975) (per curiam) (same). The separate document requirement must be mechanically applied when determining whether an appeal is timely. Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978) (per curiam); United States v. Indrelunas, 411 U.S. 216 (1973) (per curiam). If no separate judgment is entered, it is impossible for an appeal to be time barred because the thirty (30) day period prescribed by Federal Rule of Appellate Procedure 4(a)(1) never began to run. In re Ozark Restaurant Equipment Co., 761 F.2d 481 (8th Cir.1985); Parisie v. Greer, 705 F.2d 882 (7th Cir.) (en banc), cert. denied, 464 U.S. 918 (1983); Gregson & Assoc. Architects v. Governor of the V.I., 675 F.2d 589 (3rd Cir.1982) (per curiam); Calhoun v. United States, 647 F.2d 6 (9th Cir.1981). The appeal is technically premature, and must be dismissed pending entry of judgment on a separate document in accordance with Rule 58. See In re Ozark Restaurant Equipment, 761 F.2d at 484; see also Beukema's Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626, 629 (6th Cir.1979) (per curiam); Dean, 519 F.2d at 625.
 
 
 4
 The instant appeal was not taken from a separate judgment entered pursuant to Rule 4(a)(6), Federal Rules of Appellate Procedure and Rule 58, Federal Rules of Civil Procedure. Accordingly,
 
 
 5
 It is ORDERED that the motion to dismiss is granted. Such dismissal is without prejudice to the filing of an appeal from a judgment entered pursuant to Rule 58, Federal Rules of Appellate Procedure.