**Othel V. GRIFFITH, as Administrator of the Estate of Celia Jane Jewell, Plaintiff,**

**v.**

**COLUMBUS AREA CHAPTER OF THE AMERICAN RED CROSS, et al., Defendants.**

**No. C–2–87–411.**

United States District Court, S.D. Ohio, E.D.

Feb. 1, 1988.

Jerry L. Maloon, Jerry L. Maloon, L.P.A., Columbus, Ohio, for plaintiff.

Gerald L. Draper, Bricker & Eckler, Columbus, Ohio (Peter K. Bleakly, Bruce Chadwick, Arnold & Porter, Washington, D.C., of counsel), Steven H. Richards, Karen S. Lipton, American Red Cross, Washington D.C., for Red Cross.

Steve Vergamini, Baker & Hostetler, Columbus, Ohio, for defendant Doctor's Hosp.

Daniel Freytag, Columbus, Ohio, for Lincoln Conoway, D.O., Sentar, Nagy Associates Internists, Inc. and J. Richard Costin, D.O.

## MEMORANDUM AND ORDER

GRAHAM, District Judge.

This matter is before the Court on plaintiff's motion to remand these proceedings to the Franklin County Court of Common Pleas. Plaintiff's complaint seeks damages on the grounds of, *inter alia,* negligence, lack of informed consent, misrepresentation, strict liability and breach of warranty on the part of the various defendants. Plaintiff alleges that Celia Jane Jewell contracted AIDS from blood products supplied by the defendant Columbus Area Chapter of the American Red Cross and administered by the other defendants. Plaintiff's complaint was originally filed in the Franklin County Court of Common Pleas. The Red Cross filed a petition for removal to this Court and plaintiff thereafter filed a motion to remand claiming that this action was removed to this Court improvidently because this Court lacks jurisdiction to consider the allegations within the complaint and also because the petition for removal was untimely filed.

Defendant Red Cross maintains that it is entitled to remove this action for three reasons: (1) The Congressional Charter of the Red Cross pursuant to 36 U.S.C. § 2 gives the federal courts original jurisdiction, and therefore removal jurisdiction, over suits to which the Red Cross is a party; (2) that the Red Cross is a federal instrumentality over which there is removal jurisdiction under 28 U.S.C. § 1442; and

finally, (3) that 28 U.S.C. §§ 1331 and 1349 create original federal question jurisdiction, and therefore removal jurisdiction, over suits against federal nonstock corporations. Plaintiff, on the other hand, contends that this action is not removable because: (1) the Red Cross Charter does not automatically create original federal jurisdiction; (2) the Red Cross is not a federal instrumentality or an agency of the federal government; and, (3) plaintiff's complaint does not "arise under" the laws under the United States, but instead is based strictly on state law.

The parties to this dispute cannot invoke diversity jurisdiction. Therefore, this Court has jurisdiction only if the complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends upon resolution of a substantial question of federal law. *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983). Therefore, the propriety of removal in this case depends on whether the case falls within the original federal question jurisdiction of the United States District Courts under 28 U.S.C. § 1331 which reads:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

The United States Supreme Court has recently outlined the jurisdictional framework governing removal of cases from state to federal courts in *Caterpillar v. Williams:*

> Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.... The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

— U.S. ——, ——, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (footnotes omitted).

■ If it appears before final judgment that a case was not properly removed because of lack of jurisdiction, this Court must remand it to the state court from which it was removed. *See,* 28 U.S.C. § 1447(c).

■ Defendant Red Cross claims that this action is properly before this Court because of a specific grant of federal jurisdiction in its Charter. 36 U.S.C. § 2 states:

> The name of this corporation shall be 'The American National Red Cross,' and by that name it shall have perpetual succession, with the power to sue and be sued in courts of law in equity, *State or Federal,* within the jurisdiction of the United States ... (Emphasis added).

The defendant argues that the underlined language creates federal jurisdiction. This language was added by Congress in 1947 in response to the Report of the Advisory Committee on Reorganization (June 11, 1946) which stated:

> *Recommendation No. 22. The Charter should make it clear that the Red Cross can sue and be sued in the Federal Courts.*
>
> The present Charter gives the Red Cross the power "to sue and be sued in courts of law and equity within the jurisdiction of the United States." The Red Cross has in several instances sued in the federal Courts, and its powers in this respect have not been questioned. However, in view of the limited nature of the jurisdiction of the Federal Courts it seems desirable that this right be clearly stated in the Charter.

The language of the Charter does not automatically confer original jurisdiction on this Court. Rather it merely permits the Red Cross to sue and be sued in federal court if there is independent federal question jurisdiction or diversity jurisdiction. The defendant cites two older cases where language such as that in the Red Cross Charter was held to establish federal ques-

tion jurisdiction. *Osborne v. Bank of The United States,* 9 Wheat. 738, 6 L.Ed. 204 (1824); *Pacific Railroad Removal Cases,* 115 U.S. 1, 5 S.Ct. 1113, 29 L.Ed. 319 (1885). However:

> Congress enacted the Act of 1925, now codified as 28 U.S.C. § 1349 'to stem "the flood of litigation to which the federal courts were … subjected" as a result of the decision in the Pacific Railroad Removal Cases[.]' *Murphy v. Colonial Federal Savings & Loan Association,* 388 F.2d 609, 612 (2nd Cir.1967). Section 1349 provides that:

> The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half its capital stock.

*Burton v. United States Olympic Committee,* 574 F.Supp. 517, 523 (D.C.Calif. 1983).

The Red Cross does not issue stock since it is an eleemosynary or charitable corporation. However, the determinative issue for the purpose of § 1349 in this circuit is the amount of control that the United States government exercises over a corporation, not whether that corporation issues stock. *See, Jackson v. Tennessee Valley Authority,* 462 F.Supp. 45, 51–52 (M.D.Tenn.1978), *aff'd per curiam,* 595 F.2d 1120 (6th Cir. 1979). (The TVA issues no stock but is totally under the control of the United States.)

The later cases relied upon by the defendant are also distinguishable. Both *D'Oench, Duhme and Co., FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and *Weems v. McCloud,* 619 F.2d 1081 (5th Cir.1980) involve the Federal Deposit Insurance Corporation ("FDIC") as a defendant sued in state court seeking to remove the action to federal court. The "sue and be sued" statute applicable to the FDIC does incorporate the exact language of the Red Cross Charter. However, it is the subsequent language of that statute that creates the right of removal to federal court of all actions against the FDIC. The applicable

statute, 12 U.S.C. § 1819, provides in pertinent part:

> Upon June 16, 1933, the Corporation shall become a body corporate and as such shall have power—
> First. To adopt and use a corporate seal.
> Second. To have succession until dissolved by an Act of Congress.
> Third. To make contracts.
> Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to a United States District Court.

Congress in 1933 knew explicitly how to establish independent federal jurisdiction. Absent similar explicit language granting federal jurisdiction, this Court determines that the language of the Red Cross Charter does not mandate removal of all actions against the Red Cross to federal court.

■ The Red Cross also contends that it is a federal instrumentality and is therefore a federal agency for purposes of 28 U.S.C. § 1442(a)(1) which entitles it to remove this action to federal court. That section reads as follows:

> (a) A civil action or criminal prosecution commenced in the state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Any officer of the United States or any agency thereof, or any person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. This section only applies to situations where federal officers are

sued in state court and it does not apply to agencies themselves.

Plaintiff has not brought suit against any federal officers; therefore, 28 U.S.C. § 1442 is inapplicable to this case. *Brewer v. Department of Housing and Urban Development,* 508 F.Supp. 72, 74 (S.D.Ohio 1980).

■ Even if an agency rather than its agent was entitled to remove an action, as some Circuits hold, the defendant still is not helped. The Ninth Circuit Court of Appeals carefully examined the characteristics of the federal connection of the Red Cross to determine if it was an "agency" of the federal government for the purposes of the Freedom of Information Act, 5 U.S.C. A. § 551(1), 552, 552(e). *Irwin Mobile Blood Bank of the San Francisco Medical Society v. American National Red Cross,* 640 F.2d 1051 (9th Cir.1981). The court concluded that "the Red Cross is undoubtedly a close ally of the United States government, but its operations are not subject to substantive federal control or supervision." *Id.* at 1057. A similar analysis is appropriate for determining whether § 1349 applies.

As further indication that the Red Cross is a private organization even though it is federally chartered, Congress has not included the Red Cross in the Congressional definitions of either (a) "mixed-ownership government corporation," or (b) "wholly owned government corporation," appearing at 31 U.S.C. § 9101. The FDIC is named in § 9109, thus distinguishing further the difference between that corporation and the Red Cross. "These definitions should apply to other statutory provisions to which federal ownership is germane, such as 28 U.S.C. § 1349." *Burton, supra,* 574 F.Supp. at 524.

Because this Court determines that it does not have jurisdiction over this action, it need not address the plaintiffs' argument that the Red Cross did not file its removal petition within the mandatory thirty-day time limit of 28 U.S.C. § 1446(b) *Id.* n. 14.

In conclusion, the statutory language of the Red Cross Charter is not sufficiently explicit to create original federal jurisdiction over all suits, or to establish a federal question under 28 U.S.C. § 1331. Finally, the Red Cross is not a corporation sufficiently under the control of the United States government so that it may invoke federal jurisdiction pursuant to 28 U.S.C. § 1349. Accordingly, the plaintiff's motion to remand is GRANTED. The Clerk of Courts is directed to remand this case to the Court of Common Pleas, Franklin County, Ohio.

It is so ORDERED.