**ANONYMOUS BLOOD RECIPIENT and Her Husband, Plaintiffs,**

**v.**

**WILLIAM BEAUMONT HOSPITAL, a Michigan Corporation, and Southeastern Michigan Chapter, American Red Cross, a National Corporation, Defendants.**

**Civ. A. No. 89–70657.**

United States District Court, E.D. Michigan, S.D.

Sept. 22, 1989.

**140**

Gary C. Berger, Milan, Miller, Berger, Brody & Miller, Detroit, Mich., for plaintiffs.

John E.S. Scott, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for William Beaumont Hosp.

Daniel G. Wylie and Gregory J. Rohl, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for American Red Cross.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff filed this case in Oakland County Circuit Court, alleging that defendants negligently gave her blood tainted with the HIV virus. This virus is believed to cause acquired immuno-deficiency syndrome. Plaintiff underwent surgery at William Beaumont Hospital, and received a blood transfusion. She is now infected with the HIV virus, and claims that this transfusion caused her infection.

Defendant American Red Cross ("Red Cross") removed the suit from Oakland County Circuit Court, claiming that 36 U.S.C. § 2 ("Section 2" or "the charter") confers original jurisdiction over this case in the federal courts. Plaintiff now seeks remand to Oakland County Circuit Court, claiming lack of federal jurisdiction. Section 2, which created the American National Red Cross, states in relevant part:

> [Section] 2. *Name of corporation; powers*
>
> The name of this corporation shall be "The American National Red Cross", and by that name it shall have perpetual succession, *with the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States;* ....

36 U.S.C. § 2 (emphasis added).

The issue before me is whether the "sue and be sued" clause in this statute creates the capacity to sue in the Red Cross where federal jurisdiction is otherwise present, or whether it is a special grant of federal jurisdiction, giving the Red Cross access to federal courts in all cases. Because there is no diversity of citizenship as to these parties, I have jurisdiction only if 36 U.S.C. § 2 specially confers it. I find that this statute does not specifically grant federal jurisdiction, but only creates capacity to litigate in the Red Cross. Accordingly, I GRANT plaintiffs' motion to remand for the following reasons.

Thirteen federal district court decisions have dealt with this issue. Seven hold that

this statute confers original jurisdiction,[1] and six hold that it does not.[2] This split aptly demonstrates the difficulty. Persuasive arguments have been presented by the parties, as well as in these decisions.

I find that both the text and legislative history of § 2 are potentially ambiguous, although other judges have not encountered this difficulty. *See, e.g., Kaiser v. Memorial Blood Center of Minneapolis,* 724 F.Supp. 1255, 1256 (D.Minn.1989) (discussing the charter's "clear language"); and *Anonymous Blood Recipient v. Sinai Hospital, supra* at 733 ("This court does not understand how this [legislative history] can be ambiguous.").

Despite this possible ambiguity, I find the better interpretation is that § 2 creates capacity to litigate, rather than conferring an extraordinary grant of federal jurisdiction. First, the "sue and be sued" clause must be read in the context into which Congress placed it. *See generally Bankers' Trust Co. v. Texas & Pacific Railway Co.,* 241 U.S. 295, 303, 36 S.Ct. 569, 570, 60 L.Ed. 1010 (1916) (using the context of a "sue and be sued" clause to analyze congressional intent and interpret the clause). Sections one through thirteen of Title 36 deal with the creation and operating procedures of the Red Cross. The corporation's purposes, powers, duties, structure and location, and other details of operation are established. 36 U.S.C. § 1 *et seq.*

Within this framework, § 2, entitled "Name of corporation; powers", gives standard corporate powers. For example, it names the Red Cross and gives it perpetual succession; it confers the right to use a seal and emblem, the power to establish bylaws, and the right to own property. The interpretation that the "sue and be sued" clause only gives the corporation capacity to litigate is consistent with the context of this clause.

Second, other courts have referred to two indicators of congressional intent when interpreting § 2. They have looked to the legislative history of § 2 itself, including Senate discussions and committee reports. They have also extrapolated congressional intent regarding this section by comparing it to other federal corporate charters. I first address the legislative history of the Red Cross charter, then address cases interpreting other charters.

Most cases interpreting § 2 discuss Recommendation 22, contained in the report of the Harriman Committee, a Red Cross advisory committee, S.Rep. No. 38, 80th Cong. 1st Sess. 1 (1947); H.Rep. No. 337, 80th Cong., 1st Sess. 6 (1947), U.S.Code Cong. & Admin.News 1947, p. 1028. Congress adopted this report in its 1947 amendment of § 2. *See, e.g., Griffith v. American Red Cross, supra* at 184, and *C.H. v. American Red Cross, supra* at 1024. Recommendation 22 provides:

> The charter should make it clear that the Red Cross can sue and be sued in the Federal Courts. The present charter gives the Red Cross the power to "sue and be sued in courts of law and equity within the jurisdiction of the United States". The Red Cross has in several instances sued in the Federal Courts, and its powers in this respect have not been questioned. However, in view of the lim-

---

**1.** (1) *Sullivan v. Albany Medical Center of Minneapolis,* No. 88–1396 (N.D.N.Y.1989) (*see* tr. of hrg.; Munson, J.); (2) *Kaiser v. Memorial Blood Center of Minneapolis,* 721 F.Supp. 1073 (D. Minn.1989); (3) *Anonymous Blood Recipient v. Sinai Hospital,* 692 F.Supp. 730 (E.D.Mich.1988); (4) *C.H. v. American Red Cross,* 684 F.Supp. 1018 (E.D.Mo.1988); (5) *Smith v. Curators of the Univ. of Missouri,* No. 86–1874C(a) (E.D.Mo. April 3, 1987) (unpublished op.); (6) *Conway v. St. Louis Children's Hospital,* No. 86–2138C(1) (E.D.Mo. July 1, 1988) (unpublished op.; Nangle, J.); (7) *Evan v. Jewish Hospital of St. Louis,* No. 86–1982C(2), 1988 WL105639 (E.D.Mo. March 28, 1988) (unpublished op.; Filippine, J.).

**2.** (1) *Smith v. Thomas Jefferson Univ. Hospital,* No. 88–7345, 1989 WL73776 (E.D.Pa. June 30, 1989) (unpublished op.; Fullam, J.); (2) *Roche v. American Red Cross,* 680 F.Supp. 449 (D.Mass.1988); (3) *Griffith v. Columbus Area Chapter of the American Red Cross,* 678 F.Supp. 182 (S.D. Ohio (1988); (4) *Jeanne v. The Hawkes Hospital of Mount Carmel,* No. C–2–87–0509 (S.D. Ohio Jan. 29, 1988) (unpublished op.; Graham, J.); (5) *Okoro v. Children's Hospital,* No. 87–2114 (D.D.C. July 12, 1988) (unpublished op.; Greene, J.); (6) *Walton v. Howard Univ.,* 683 F.Supp. 826 (D.D.C.1987).

ited nature of the jurisdiction of the Federal Courts it seems desirable that the right be clearly stated in the charter. *Report of the Advisory Committee on Organization* at 35–36 (June 11, 1946).

This language does not clearly create federal jurisdiction as some courts have suggested. *See, e.g., Anonymous Blood Recipient v. Sinai Hospital, supra* at 733. Different interpretations are possible. Another court found that because the Harriman Committee wanted to make clear that the Red Cross "can" sue, or has the power to sue, it only referred to the Red Cross' capacity. *Roche v. American Red Cross, supra* at 453.

The better approach to Recommendation 22 is to focus not only on its first sentence, as some courts have done, but to read it in its entirety. The committee wanted to make clear that the Red Cross could sue in federal court *because* the Red Cross had done so in the past. The recommendation reaffirmed this right. The Red Cross had litigated in federal court on ordinary jurisdictional grounds before this recommendation. *See, e.g., Lovskog v. American National Red Cross,* 111 F.2d 88 (9th Cir. 1940), and *American National Red Cross v. Raven Honey Dew Mills,* 74 F.2d 160 (8th Cir.1934).

The committee recommended that the Red Cross continue to have access to federal courts where jurisdiction was otherwise present. Only the initial sentence of the recommendation, read in isolation, allows the inference that federal subject matter jurisdiction expanded.

Neither do the Senate discussions indicate any intent to expand federal jurisdiction. *See American National Red Cross: Hearing Before the Senate Comm. on Foreign Relations* on S. 591, 80th Cong. 1st Sess. pp. 7–11 (Feb. 25, 1947). The senators discussed an unrelated issue: whether the statute limited Red Cross capacity to sue in foreign jurisdictions, by not specifically granting this power. *Id.* The senators were concerned with Red Cross capacity to sue, not the creation of extraordinary federal jurisdiction. The legislative history of 36 U.S.C. § 2, including Recom-

mendation 22 and the Senate record, does not indicate an intent to expand federal jurisdiction, but to give the capacity to litigate in federal court where jurisdiction otherwise existed.

In addition to legislative history, courts have inferred legislative intent by looking at other charters. In particular, several cases holding that § 2 created federal jurisdiction relied on *Osborn v. United States Bank,* 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824). *See Anonymous Blood Recipient v. Sinai Hospital, supra,* and *C.H. v. American Red Cross, supra.* On the other hand, many cases holding that jurisdiction was not created do not deal squarely with *Osborn. See Roche v. American Red Cross, supra; Griffith v. Columbus Area Chapter of the American Red Cross, supra;* and *Walton v. Howard University, supra.*

The Court in *Osborn* interpreted a national bank's federal charter, which stated in part:

[T]he bank shall be "made able and capable in law"—"to sue and be sued, plead and be impleaded, answer and be answered, defend and be defended, in all state courts having competent jurisdiction and in any circuit court in the United States."

*Id.,* 22 U.S. at 817.

The Supreme Court decided two issues relating to this charter. First, did the federal courts have jurisdiction to hear the case? Second, did Congress have the constitutional authority to confer such jurisdiction? The Court held that the charter's language conferred federal jurisdiction over all cases in which the bank was a party, and that Congress had the power to grant this jurisdiction.

The Court reasoned that because a federal charter created the bank, the bank could only act under federal law. When it sued, the first question had to be whether federal law gave it power to sue. Every suit involving the bank arose under federal law because the suit had to arise under the federal charter. *Id.* at 823–824.

To the extent it held that federal incorporation alone created federal jurisdiction, 28

U.S.C. § 1349 overruled *Osborn. Gully v. First National Bank in Meridian,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). District courts no longer have jurisdiction on the basis of federal incorporation unless the United States owns more than one-half of the corporation's capital stock. 28 U.S.C. § 1349. The Supreme Court has also questioned *Osborn. Gully v. First National Bank, supra* at 112, 57 S.Ct. at 97, and *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 492, 103 S.Ct. 1962, 1970, 76 L.Ed.2d 81 (1983).

*Osborn* is not clearly applicable to the instant case for two additional reasons. *Osborn* interpreted Article III arising under jurisdiction. Congress did not enact 28 U.S.C. § 1331, statutory arising under jurisdiction, until 1875, some fifty years after *Osborn.* Article III jurisdiction is broader than statutory jurisdiction, even though the language of § 1331 parallels that of Article III. *Verlinden, supra* at 494–495, 103 S.Ct. at 1971–1972. Therefore, *Osborn* is not directly on point with the present issue, whether the Red Cross charter created federal question jurisdiction under § 1331.

Further, *Osborn* could arguably be distinguished on the ground that it interpreted a different federal charter, a charter from a different era, with a different purpose, set in a different context. Deriving congressional intent regarding the Red Cross charter from the congressional intent underlying the bank charter is questionable. Other courts have assumed that Congress had *Osborn*'s holding in mind when it enacted the Red Cross charter. This may assume too much, since one court has also described *Osborn* as "one of the most inscrutable [decisions] in the history of Supreme Court jurisprudence." *Roche, supra* at 451.

Even if *Osborn* is binding precedent, despite its focus on Article III and its analysis of a different congressional intent, it does not require me to hold that 36 U.S.C. § 2 creates federal jurisdiction. The specific statutory language in *Osborn* allowed the bank:

to sue and be sued ... in all state courts *having* competent jurisdiction, and in any circuit court in the United States.

*Id.,* 22 U.S. at 817 (emphasis added).

The Supreme Court said this language expressly gave the right to sue in federal court, implying that Congress also created jurisdiction in the federal courts over all actions in which the bank was a party.

*Osborn* distinguished *Bank of the United States v. Deveaux,* 9 U.S. (5 Cranch.) 61, 3 L.Ed. 38 (1809). In *Deveaux,* the Court interpreted the national bank's previous charter, which empowered the bank to "sue and be sued ... in courts of record, or any other place whatsoever." *Osborn, supra,* 22 U.S. at 817. *Osborn* said this language only created a capacity to sue, explaining:

Whether this decision be right or wrong, it amounts only to a declaration, that a general capacity in the bank to sue, without mentioning the courts of this Union, may not give a right to sue in those courts. To infer from this, that words expressly conferring a right to sue in those courts, do not give the right, is surely a conclusion which the premises do not warrant.

*Id.* at 818.

The Supreme Court revisited the issue of "sue and be sued" clauses once again in *Bankers' Trust, supra.* In that case the Court held that a federal railway charter conferring the ability to sue and be sued in all courts of law and equity within the United States did not "establish an exceptional or privileged [federal] jurisdiction." *Id.,* 241 U.S. at 305, 36 S.Ct. at 571. It only created capacity to litigate. In *Bankers' Trust,* the Court contrasted *Osborn*'s express grant of federal jurisdiction with the more general language then before it. It held that the railway charter had the same generality and natural import as that in *Deveaux, supra.* Thus, I must compare the general language used in *Deveaux* and *Bankers' Trust,* which does not create jurisdiction, with that of *Osborn,* which does.

In 1947, Congress amended the Red Cross' "sue and be sued" clause from "sue and be sued in courts of law and equity within the jurisdiction of the United

States" to "sue and be sued in courts of law and equity, *State or Federal,* within the jurisdiction of the United States."[3] *See Anonymous Blood Recipient v. Sinai Hospital, supra* at 733. Courts have held that the 1947 amendment falls within *Osborn's* scope because it now contains the magic word "federal." *Sinai Hospital, supra,* and *C.H. v. American Red Cross, supra* at 1024. I disagree.

While *Osborn's* bank charter did specifically use the word "circuit" [federal] courts, I do not read *Deveaux, Osborn* and *Bankers' Trust* as merely requiring such a shibboleth. *Osborn's* bank charter gave it the power:

> to sue and be sued ... in all state courts *having competent jurisdiction,* and in any circuit court in the United States.

*Osborn, supra,* 22 U.S. at 817 (emphasis added).

Congress assumed that certain state courts would already have competent jurisdiction over the bank. Within these state courts, Congress only needed to give the bank capacity to sue, since jurisdiction was already present. Congress did not make a similar assumption about circuit, or federal, courts. It allowed the bank to litigate in all state courts *with* jurisdiction, but allowed the bank to sue in *all* federal courts, regardless of jurisdiction. Thus, Congress must have meant to specially create federal jurisdiction in the *Osborn* bank charter.

By comparison, the bank in *Deveaux* could "sue and be sued ... in courts of record, or any other place whatsoever." *Osborn* at 817. In *Bankers' Trust,* the bank could sue and be sued in all courts of law and equity within the United States. *Bankers' Trust* 36 S.Ct. at 302. These charters are general in the sense tht they give the broad power to sue in *any* court. Neither mentions jurisdiction, as in *Osborn.* In *Deveaux* and *Bankers' Trust,* Congress discussed capacity to sue, rather than jurisdiction.

The language of § 2 more closely parallels the general language in *Deveaux* and *Bankers' Trust* than that in *Osborn.* The Red Cross may "sue or be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 2. As in *Deveaux* and *Bankers' Trust,* this listing of courts only gives the general power to sue in any court. Unlike *Osborn,* it does not mention jurisdiction. So, even assuming *Osborn* applies to this case, it does not mean that the Red Cross charter creates federal jurisdiction. This charter only confers the general power to sue in all courts, as discussed in *Deveaux* and *Bankers' Trust.* The context and legislative history of § 2 also indicate that the "sue and be sued" clause only refers to capacity to litigate. Accordingly, I GRANT plaintiffs' motion to remand this case to Oakland County Circuit Court.

IT IS SO ORDERED.

---

**3.** Although the FDIC charter in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), contained nearly identical language, *D'Oench* decided whether state or federal law applied, not whether the charter created federal jurisdiction. *D'Oench* is also inapplicable because the FDIC charter specifically said all cases in which FDIC was a party arose under federal law. *Id.* at 455 n. 2, 62 S.Ct. at 678 n. 2.