Loretta FAUST, individually, Administratrix of the Estate and Personal Representative of the Heirs of Lovada V. Faust, deceased, and Virginia Freeman, Plaintiffs,

v.

AMERICAN RED CROSS, SANTA CLARA VALLEY CHAPTER (BLOOD CENTER); and Does 1 through 100, inclusive, Defendants.

No. C 91-20379 JW.

United States District Court,
N.D. California,
San Jose Division.

Oct. 3, 1991.

Michael James Moriarty, San Francisco, Cal., for plaintiffs.

Robert S. Luft, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Jose, Cal., for defendants.

## ORDER GRANTING MOTION TO REMAND

WARE, District Judge.

For the reasons set forth below, the Court REMANDS this action to state court, pursuant to 28 U.S.C. § 1446(c)(4), for want of jurisdiction.

## I. BACKGROUND

Plaintiffs filed an action against American Red Cross in Superior Court on June 16, 1989. They claimed that Lovada Faust, who died of AIDS, contracted the disease from a blood transfusion she received. The blood came from the American Red Cross blood center. On June 26, 1991, the Red Cross removed the action to federal court. On July 24, 1991, plaintiffs filed a motion to remand the action to state court for want of jurisdiction.

## II. DISCUSSION

When removal is sought, the United States district court shall dismiss the petition if it "clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted...." 28 U.S.C. § 1446(c)(4).

A district court must have original jurisdiction of an action in order to grant removal from state court. 28 U.S.C. § 1441. As there is no diversity in this case, in order for removal to be granted, the court must find that this case presents a question "arising under" the Constitution, laws, or treaties of the United States, or that Con-gress specifically made a provision for a special grant of original jurisdiction.

Mere incorporation of the Red Cross does not, by itself, create jurisdiction "arising under" the Constitution. *See* 28 U.S.C. § 1349. Therefore, the basis of the defendants' argument is that Congress intended to grant original jurisdiction to district courts over actions against the Red Cross when they drafted the language of the Red Cross Congressional Charter ("Charter"). This Charter provides in relevant part:

> The name of this corporation shall be "The American Red Cross", and by that name it shall have perpetual succession, with the power to *sue and be sued* in courts of law and equity, State or Federal, within the jurisdiction of the United States.

36 U.S.C. § 2 (emphasis added).

Defendants contend that this language created a special grant of jurisdiction, which permits them access to federal court upon any action by or against them. The plaintiffs, however, contend that this case should be remanded for lack of jurisdiction. Their argument is that the "sue and be sued" language merely provides the Red Cross with certain threshold powers, one of which is the capacity to sue.

### A. Power to "Sue and be Sued"

The United States Supreme Court has addressed whether the "sue and be sued" language contained in Congressional Charters confers jurisdiction, but so far, not in the context of 36 U.S.C. § 2.

In *Bank of the United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 3 L.Ed. 38 (1809), the Court held that the statutory grant of power to "sue and be sued ... in any courts of record, or any other place whatsoever" gave the Bank of the United States the capacity to litigate, but did not enlarge jurisdiction of the court. Then, in *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 9 L.Ed. 204 (1824), a case on which defendants rely, the Court again interpreted this language and considered two issues: (1) whether jurisdiction existed, and (2) whether Congress had the Constitutional authority to confer such jur-

isdiction. The Court held that the "sue and be sued" language was a grant of jurisdiction, and found that Congress had the authority to grant it.

The Court's reasoning was based on the premise that federal incorporation by Congress was enough to create jurisdiction. Therefore, any suit involving the bank that arose under the federal Charter arose under federal law.

However, the Supreme Court has since questioned the validity of this decision. *See Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) and *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 492, 103 S.Ct. 1962, 1970, 76 L.Ed.2d 81 (1983). Since district courts no longer have jurisdiction on the basis of federal incorporation alone, the *Osborn* decision is less persuasive. In addition, Osborn interpreted the broad language of Article III "arising under" jurisdiction rather than the narrower, statutorily created jurisdiction under 28 U.S.C. § 1331.

The Supreme Court later backed away from the statutory interpretation of *Osborn*. It concluded, in *Bankers Trust Co. v. Tex. & Pac. Ry.*, 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010 (1916) that the "sue and be sued" language did not establish "an exceptional or privileged jurisdiction," but merely created the capacity to litigate. *Id.* at 304, 36 S.Ct. at 570. Rather than applying a mechanical rule, the Court determined that the better interpretation was to look instead to the intent of Congress.

Many district courts have recently interpreted the "sue or be sued" language in the Red Cross Charter. The decisions are inconsistent. Some federal courts favor remand, while others permit the Red Cross to remove from state court.

In *Anonymous Blood Recipient v. Beaumont Hospital*, 721 F.Supp. 139 (E.D.Mich.1989), the court referred to seven federal district court decisions holding that 36 U.S.C. § 2 confers original jurisdiction, and six federal district court decisions holding that it does not. Since *Anonymous Blood Recipient* in 1989, at least one other district court chose to remand for want of jurisdiction. *See John and Jane Doe v. American Red Cross*, No. 91–3114 (E.D.Penn.1991), 1991 WL 165074.

In addition, two cases have been considered by the United States Court of Appeals for the First and Eighth Circuits. However, even the appellate courts split on the issue. *S.G. and A.E. v. American National Red Cross*, 938 F.2d 1494 (1st Cir.1991) held that the Charter did not confer jurisdiction, while *Kaiser v. Memorial Blood Center*, 938 F.2d 90 (8th Cir.1991) held that the Charter did confer jurisdiction.

### B. Legislative Intent of 36 U.S.C. § 2

Defendants assert that the grant of original jurisdiction is supported by legislative intent. Specifically, they rely on the Harriman Committee Report, which recommended that the Charter for the Red Cross "should make it clear that the Red Cross can sue and be sued in Federal Courts.... [I]n view of the limited nature of the jurisdiction of the Federal Courts it seems desirable that the right be clearly stated in the charter." Report of the Advisory Committee on Organization at 35–36 (June 11, 1946). This report, however, was not adopted in the legislative history, nor is there any express grant of jurisdiction in the Charter, as was recommended.

In addition, defendants rely on *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), in which the Court held that the FDIC Charter, which authorized the FDIC to sue and be sued "in any court of law or equity, State or Federal," conferred original jurisdiction. Defendants fail to note, however, that the FDIC Charter contained an express grant of jurisdiction. It stated that all suits of which the Corporation shall be a party "shall be deemed to *arise under the laws of the United States.*" *Id.* at 455 n. 2, 62 S.Ct. 679 n. 2 (emphasis added).

The statutory language of 36 U.S.C. § 2 does not expressly grant federal jurisdiction to the Red Cross. Had the legislature intended to confer jurisdiction, it would

have followed the recommendations of the Harriman report and included express language providing for this grant. A Congressional Charter for an organization which empowers the organization to sue or be sued in state or federal court does not constitute a special grant of original jurisdiction to district courts over actions against the organization. Accordingly, this court lacks original jurisdiction over this action against the Red Cross.

## III. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS this action to state court for want of jurisdiction.

IT IS SO ORDERED.