Richard COLLINS, Plaintiff–Appellant,

v.

Peter E. DEEGAN; Steven L. Simasko; Michael Waite; County of St. Clair; Frederick H. Schienke; Bruce Morris; Cathy Morris; USA Huskies North, Inc., doing business as Glacier Point Ice Complex of Port Huron, doing business as Glacier Blade, doing busi-ness as Morris Properties, L.L.C., et al., in their individual and official capacities, jointly and severally, Defendants–Appellees.

No. 02–1420.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Richard Collins, a Michigan resident proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of

the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Collins was convicted in August 1997 of two counts of embezzlement of property belonging to one's self and others and one count of larceny over $100.00, following a jury trial before Judge Peter Deegan in the St. Clair County Circuit Court. He was sentenced to 48 months' probation, one year in the county jail, and ordered to pay $31,505 in restitution, with a suspension of 270 days of the jail time if he paid the restitution.

The Michigan Court of Appeals affirmed the conviction, but remanded for a hearing on Collins's ability to pay restitution (the condition for reducing the jail time). After the remand, Collins pleaded guilty to probation violations and on June 28, 2000, Judge Deegan sentenced him to from four to ten years in prison and specifically found that he had the ability to pay restitution.

On May 9, 2001, Collins filed the instant action, pursuant to 42 U.S.C. § 1983, for violations of his federal constitutional rights, with accompanying state law pendent claims (breach of contract, tortious interference with contractual or business relationships, breach of fiduciary, civil extortion, fraud and conspiracy to defraud), against the named governmental and private parties, arising out of his state criminal conviction of embezzlement. Collins, who invested no money himself in the enterprise, managed the rink and was found guilty of embezzling over $50,000 from USA Huskies based largely upon an audit performed by the accounting firm Plante & Moran.

On March 11, 2002, accepting the magistrate judge's report and recommendation, the Honorable Bernard A, Friedman, for the United States District Court for the Eastern District of Michigan, granted the motions for summary judgment and to dismiss the governmental defendants (Judge Deegan, St, Clair County Assistant Prosecutor Simasko, and Sergeant Waite), for failure to state a cognizable federal claim. Collins filed a notice of appeal on March 27, 2002.

On June 26, 2002, accepting the magistrate judge's report and recommendation, Judge Friedman granted the non-governmental defendants' motion to dismiss for failure to state a claim upon which relief may be granted. The court also declined to exercise supplemental jurisdiction over the remaining state law claims. This appeal followed.

Defendant Waite argues that jurisdiction is lacking because Collins's notice of appeal was filed prior to the district court's entry of final judgment. Under 28 U.S.C. § 1291, a circuit court of appeals has jurisdiction over an appeal from a final order of the district court. As long as a subsequent final order is eventually entered, a prematurely filed notice of appeal can properly confer appellate jurisdiction. *See* Fed. R.App. P. 4; *Gillis v. United States Dep't of Health and Human Serv.,* 759 F.2d 565, 569 (6th Cir.1985); *Jackson v. Tenn. Valley Auth.,* 595 F.2d 1120, 1121 (6th Cir.1979). Therefore, the exercise of jurisdiction is proper and we consider his matter on the merits. Defendant Waite's motion to dismiss is denied.

Construing Collins's complaint in a light most favorable to him and accepting all of his factual allegations as true, we conclude that Collins can prove no set of facts in support of his claims that would entitle him to relief for the reasons stated by the magistrate judge, as adopted by the district court. *See Meador v. Cabinet for Human Res.,* 902 F.2d 474, 475 (6th Cir. 1990); *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 n. 1 (6th Cir.1988).

First, the allegations against defendant Waite are vague, conclusory and without

specific factual support, and were properly dismissed for failure to state a claim upon which relief may be granted. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987).

Second, Judge Deegan is entitled to judicial immunity from suit for monetary damages because he acted within the scope of his official duties as a judge and had jurisdictional authority to preside over the criminal proceedings involving Collins and the civil action brought by Aetna Insurance Co. *See Mireles v. Waco*, 502 U.S. 9, 11–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Johnson v. Turner*, 125 F.3d 324, 333–34 (6th Cir.1997). Collins is not entitled to injunctive relief against Judge Deegan because he has not demonstrated an inadequate remedy at law or a serious risk of irreparable harm if injunctive relief is not granted. *See Pulliam v. Allen*, 466 U.S. 522, 537–38, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

Third, Defendant Simasko acted in his capacity as prosecutor when he obtained an independent audit to determine the existence and extent of allegedly embezzled corporate funds and thus is entitled to prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1445–47 (6th Cir.1997).

Fourth, Collins's complaint did not allege that St. Clair County operated pursuant to an unconstitutional policy or custom regarding how to investigate or prepare for embezzlement cases. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir.1993). Thus, any claims against St. Clair County based upon defendant Simasko's actions were properly dismissed for failure to state a claim upon which relief may be granted.

Fifth, because the governmental defendants committed no violations of Collins's federal constitutional rights, there can be no liability for the private defendants, under § 1983, on joint participation basis. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Collins's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, Defendant Waite's motion to dismiss is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.