Leo **SOLAR**, Plaintiff,

v.

**MERIT SYSTEMS PROTECTION BOARD, and the Internal Revenue Service, Defendants.**

**No. 84–8450–Civ–GONZALEZ.**

United States District Court, S.D. Florida, N.D.

Dec. 21, 1984.

Allan Taylor, Miami, Fla., for plaintiff.

Jonathan Goodman, Asst. U.S. Atty., Miami, Fla., for defendants.

## 536

### ORDER OF DISMISSAL WITH PREJUDICE

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendants' motion to dismiss (docket # 9). The Court has considered the motion, and plaintiff's opposition thereto, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that defendants' motion to dismiss this case be and the same is hereby GRANTED, and this case shall stand DISMISSED WITH PREJUDICE.

On July 17, 1984, this Court dismissed with prejudice a case brought by plaintiff Leo Solar against the same defendants for alleged wrongful discharge arising from the same facts. Plaintiff subsequently filed a second similar case in a different division of the United States District Court for the Southern District of Florida, which was transferred to this Court on November 6, 1984. In this second successive action, plaintiff attempts to resurrect his original claim by arguing that the defendants' violated his due process rights by removing him from the position of IRS Agent.

The defendants have raised four arguments in support of their motion to dismiss: res judicata; failure to exhaust administrative remedies; lack of subject-matter jurisdiction; and untimely appeal. The Court finds merit in some of these arguments, and for the reasons stated below dismisses plaintiff's case with prejudice.

■ Defendants argue that plaintiff's action is barred by the doctrine of *res judicata* or claim preclusion, which bars litigation of matters that could and should have been raised in the prior proceeding. The doctrine provides that claims raised in the second action should have been raised in the earlier suit because the wrong for which vindication is sought in the later suit is essentially the same wrong which prompted the first action. Such is the case where, for example, an employee unsuccessfully first sues for wrongful discharge and then files a second action alleging that defendant discharged him in violation of his constitutional rights. *See Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427 (1981).

The problem with defendants' analysis, however, is that this Court did not previously rule on the merits of plaintiff's wrongful discharge; the Court dismissed *Solar I* with prejudice because plaintiff failed to exhaust his administrative remedies. The doctrine of res judicata does not apply where, as here, there was not a final adjudication on the merits of the first cause of action.

> A valid and final personal judgment for the defendant which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law, or the circumstances are such that it would be manifestly unfair to subject the defendant to such action.

*Segal v. American Telephone and Telegraph Co.,* 606 F.2d 842, 845 (9th Cir.1979) (quoting Restatement (Second) Judgments § 48.1(2)); *see also* 18 C. Wright & A. Miller, Federal Practice and Procedure § 4436, at 345 (1981).

■ Collateral estoppel (or issue preclusion), unlike res judicata (or claim preclusion), does apply in this case. Collateral estoppel forecloses litigation only of those issues of fact or law that were actually litigated and necessarily decided by a valid and final judgment between the parties, whether on the same or a different claim. *See* cases cited *Segal,* 606 F.2d at 845 & n. 2; *see generally Migra v. Warren City School District Board of Education,* — U.S. ——, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). In *Solar I,* this Court ruled that plaintiff had failed to exhaust his administrative remedies. *That* conclusion is controlling in *Solar II,* especially since plaintiff has admitted (in his memorandum in opposition to defendants' motion to dismiss) that he has not yet exhausted those remedies. *See Roth v. McAllister*

*Bros.*, 316 F.2d 143, 145 (2d Cir.1963) ("tribunal always possesses jurisdiction to determine its jurisdiction, and any fact upon which that decision is grounded may serve as the basis for an estoppel by judgment in any later action").

Even if plaintiff was not estopped from raising the issue of exhaustion again, the Court finds that his reasons for failing to exhaust administrative remedies are not sufficient to constitute a defense. Plaintiff has offered nothing but conclusory statements to prove that exhaustion would have been futile; the distance plaintiff must travel to reach the hearing site is not so outrageous as to warrant suspending the exhaustion requirement.

■ Related to the concept of exhaustion is the issue of this Court's subject-matter jurisdiction. Pursuant to 5 U.S.C. § 7703(b)(1), a petition to review a final order of the Merit Systems Protection Board shall be filed within thirty days in the Court of Appeals for the Federal Circuit. Not only did plaintiff wait more than two years to file his first complaint, but he filed it in the wrong court. Plaintiff's failure to exhaust his administrative remedies deprives this Court of jurisdiction. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1350 (Supp.1983) (district court does not technically exercise subject-matter jurisdiction over a case which is dismissed for failure to exhaust administrative remedies); 18 C. Wright & A. Miller, Federal Practice and Procedure § 4436, at 345 (1981) ("Decisions that dismiss an action in order to force prior resort to an administrative remedy occupy an uncertain middle ground between lack of jurisdiction and refusal to exercise jurisdiction."). Moreover, even if plaintiff had exhausted those remedies, or even if exhaustion was unnecessary in this case, the fact remains that the Federal Circuit Court, and not the Federal District Court, is the proper forum.

Based on the foregoing reasons, individually and collectively, the Court concludes that plaintiff's case should be dismissed with prejudice.