Claude H. McNABB, Plaintiff,

v.

TENNESSEE VALLEY
AUTHORITY, Defendant.

No. CIV–1–89–142.

United States District Court,
E.D. Tennessee, S.D.

Jan. 3, 1990.

Nathan E. Brooks, Chattanooga, Tenn.,
for plaintiff.

Edward Christenbury, Gen. Counsel,
James E. Fox, Deputy Gen. Counsel, Justin
M. Schwamm, Sr., Asst. Gen. Counsel,
Thomas C. Doolan, D. Mark Hastings,
TVA, Knoxville, Tenn., for defendant.

MEMORANDUM

EDGAR, District Judge.

Before the Court is a motion by defendant to dismiss the complaint or for summary judgment. (Court File No. 5). Plaintiff has not timely filed a response and the Court deems plaintiff to have waived opposition to the motion. *Elmore v. Evans*, 449 F.Supp. 2, 3 (E.D.Tenn.1976), *aff'd* 577 F.2d 740 (6th Cir.1978) (unpublished per curiam). After carefully considering the record and the applicable law, the Court concludes that the motion should be GRANTED.

## I. *Standard of Review*

Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

In *60 Ivy Street Corp.*, 822 F.2d at 1435–36, the Sixth Circuit stated:

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *Id.* 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether here is a genuine issue for trial." *Anderson*, 106 S.Ct. at 2511.

## II. *Facts*

The Court has reviewed the record in the light most favorable to plaintiff and makes the following findings of fact for the purpose of ruling on the motion for summary judgment.

Plaintiff Claude McNabb ("McNabb") was employed by defendant Tennessee Valley Authority ("TVA") continuously from February 15, 1978, until his employment was terminated effective March 7, 1988. He worked as a warehouseman at the Watts Bar Nuclear Plant in Spring City, Rhea County, Tennessee.

McNabb was discharged because on December 17, 1987, he pleaded guilty and was convicted by this Court on a misdemeanor charge of submitting false and fraudulent documents to an officer of the Internal Revenue Service, United States Treasury Department. McNabb admitted violating 26 U.S.C. § 7207 by submitting to an IRS officer as proof of charitable contributions checks on which he had altered the amounts.

On February 5, 1988, the warehouse supervisor, Jerry Smith, Sr., wrote a letter to McNabb proposing that his employment with TVA be terminated not earlier than 30

days after McNabb received the letter. Smith's letter also stated that McNabb could reply to the reason for the proposed termination either orally or in writing. Smith further advised McNabb that if he instead chose to file a grievance under the grievance adjustment procedure of the negotiated general agreement between TVA and the Tennessee Valley Trades and Labor Council, McNabb or his union representative could respond to the reason for the proposed termination.

McNabb did take advantage of his right as a preference eligible employee to make an oral response but he did not submit a written response. After considering the oral response, TVA notified McNabb by letter dated February 24, 1988, that it had decided to proceed with the termination from employment effective March 7, 1988. Since McNabb was a preference eligible veteran with more than one year of continuous service, the letter informed him of his right to appeal the termination decision to the United States Merit Systems Protection Board ("MSPB"). The letter further advised McNabb that an appeal to MSPB must be filed within 20 calendar days after the termination of employment. TVA provided McNabb with a copy of the MSPB appeal form and the pertinent MSPB regulations concerning appeals.

McNabb did not file an appeal with MSPB. He also did not file a grievance under the negotiated grievance procedure in the collective bargaining agreement. Instead, McNabb waited almost one year after his termination to file his present complaint with this Court.

In his complaint, McNabb avers that his termination was illegal and not based on any just cause. He alleges that his misdemeanor conviction was merely a pretext for his termination and he was actually discharged for exercising certain unspecified rights and privileges. He claims TVA violated his right to due process and equal protection of the law as guaranteed by the Fourteenth Amendment of the Constitution of the United States. McNabb states that Jerry Smith, Sr. conspired with one or more officers and agents of TVA to violate his rights under the Fourteenth Amendment to due process and equal protection of the law. McNabb also claims that his termination without any just cause violates 42 U.S.C. § 1981. He claims TVA breached the collective bargaining agreement between TVA and the union of which he is a member. McNabb demands the following relief: (1) $525,000 in compensatory damages; (2) $750,000 in punitive damages; (3) reinstatement to his former job; (4) back pay; and (5) reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and costs.

### III. *Discussion*

#### A. Jurisdiction Over Termination Claim

TVA contends that the Court lacks subject matter jurisdiction over the termination claim. The Court agrees with TVA.

■ TVA is an agency of the federal government which is wholly owned by the United States. *Jackson v. Tennessee Valley Authority*, 462 F.Supp. 45, 49–52 (M.D. Tenn.1978), *aff'd* 595 F.2d 1120 (6th Cir. 1979). Thus, McNabb was a federal employee when he worked for TVA. Congress has enacted the Civil Service Reform Act of 1978, Pub.L. No. 95–454 ("CSRA"), which is codified in various sections of Title 5, United States Code. CSRA is a detailed, specific, exclusive, and preemptive statutory structure which governs the administrative and judicial review of employment related claims of federal employees. *United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988).

■ McNabb's status under CSRA was that of a preference eligible veteran employee in the excepted service. 5 U.S.C. § 2108(3); *Dodd v. Tennessee Valley Authority*, 770 F.2d 1038, 1040 (6th Cir.1985). Since he had more than one year of current continuous service with TVA and he had committed a crime for which a sentence of imprisonment could be imposed, the CSRA entitled McNabb to seven days advance notice of a proposed termination, the opportunity to respond to the charges, a written decision from TVA, the right to administrative review of the termination before the MSPB, and judicial review in the United

States Court of Appeals for the Federal Circuit. 5 U.S.C. §§ 7511(a)(1)(B), 7512–7513, 7701–7703. The failure of McNabb to pursue and exhaust his administrative remedies through the MSPB precludes review by this Court of his claims. *Daly v. Costle*, 661 F.2d 959 (D.C.C.1981); *Solar v. Merit Systems Protection Board*, 600 F.Supp. 535 (S.D.Fla.1984); *McClary v. United States*, 7 Cl.Ct. 160 (1984); *Baskin v. Tennessee Valley Authority*, 382 F.Supp. 641, 647 (M.D.Tenn.1974), *aff'd* 519 F.2d 1402 (6th Cir.1975).

**B. Fourteenth Amendment**

Furthermore, McNabb claims that TVA has deprived him of his right to due process and equal protection of the laws under the Fourteenth Amendment. McNabb fails to state a claim upon which relief can be granted. The Fourteenth Amendment, section 1, provides in part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

One of the prerequisites to a cause of action under Section 1 of the Fourteenth Amendment is that any denial of due process or equal protection of the law must be the product or result of action by a state. *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948); *Laird v. Texas Commerce Bank–Odessa*, 707 F.Supp. 938, 941 (W.D.Tex.1988). The requirement of state action under the Fourteenth Amendment means those actions which are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). It is obvious that Section 1 of the Fourteenth Amendment is not applicable to McNabb's claims against TVA, an agency of the federal government, based on his termination as a federal employee. The decision by TVA to terminate McNabb's employment does not involve any state action.

**C. 42 U.S.C. § 1981**

McNabb also seeks to assert a claim under 42 U.S.C. § 1981. He has failed to state a claim upon which relief can be granted. In *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the Supreme Court held that racial harassment relating to the conditions of employment including termination is not actionable under section 1981. Section 1981 does not apply to conduct by an employer which occurs after the formation of a contract and which does not interfere with the employee's right to enforce established contract obligations through legal process.

**D. Claim for Breach of Collective Bargaining Agreement**

McNabb's claim for breach of the collective bargaining agreement shall be dismissed because he failed to pursue the grievance procedure provided in the agreement and failed to exhaust his administrative grievance remedies. *Thurman v. Tennessee Valley Authority*, 533 F.2d 180, 184 (5th Cir.1976); *Baskin*, 382 F.Supp. at 647; *Smith v. Tennessee Valley Authority*, 381 F.Supp. 888, 892 (M.D.Tenn.1974).

Furthermore, McNabb's claim under the collective bargaining agreement is also barred because it was not filed within the six months' limitation period. McNabb was terminated effective March 7, 1988. He did not file a grievance and he waited over 11 months until March 3, 1989, to file his complaint with this Court. The Court agrees with TVA that McNabb has not timely filed his claim for an alleged breach of the collective bargaining agreement.

Where no specific statute of limitations is established by Congress, the Court is to apply the most closely analogous statute of limitations under state law. *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). If the adoption of state statutes would be at odds with the operation or purpose of federal substantive law, the Court must look to express limitation periods from related feder-

al statutes or other alternatives such as laches. *Id.* at 162, 103 S.Ct. at 2289. In the past, this Court has consistently applied the six-month period of limitations provided in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1982).

An order will enter granting the motion of TVA for summary judgment and dismissing McNabb's complaint.