60 F.3d 346
 Kathy A. AYRAULT, Plaintiff-Appellant,
v.
Federico PENA, Secretary, United States Department of
Transportation and Edward Phillips, Regional
Administrator, Great Lakes Region,
Federal Aviation
Administration,
Defendants-
Appellees.
 No. 94-3675.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 19, 1995.
Decided July 18, 1995.
 
 Phillip S. Wood, Richard J. Johnson (argued), Wood & Johnson, Aurora, IL, for plaintiff-appellant.
 Ramune R. Kelecius (argued), Office of U.S. Atty., Civ. Div., Chicago, IL, for defendants-appellees.
 Before CUDAHY, RIPPLE and KANNE, Circuit Judges.
 CUDAHY, Circuit Judge.
 
 
 1
 Kathy Ayrault was employed by the Federal Aviation Administration as an air traffic student trainee in the Cooperative Education Program. After 30 months of service, she was removed from her position for allegedly disregarding her supervisor's direction. Following her removal, she filed suit in the district court, asserting claims under both the Civil Service Reform Act, 5 U.S.C. Secs. 7511-13, and the due process clause of the Fifth Amendment. The district court granted summary judgment for the defendants. We believe the district court lacked jurisdiction to make the determination that it made. We therefore remand with instructions to dismiss for lack of jurisdiction.
 
 I.
 
 2
 The Federal Aviation Administration (FAA) employs students as part of a Cooperative Education Program designed to provide employees qualified to staff various FAA positions. In order to qualify for the Co-op Program, students must be enrolled on a full-time basis in a curriculum leading to a bachelor's degree. In order to stay in the Co-op Program, they must retain full-time student status while remaining in good academic standing. Within 120 days of completing these educational requirements and meeting certain other work criteria, co-op students are eligible for noncompetitive conversion to the competitive service.
 
 
 3
 Kathy Ayrault entered the Co-op Program in early 1989 as a student at the FAA's Cleveland Air Route Traffic Control Center. In January 1992, after 30 months of service as a co-op student with the FAA, the FAA removed her from her position for allegedly disregarding her supervisor's direction and for being argumentative. A removal letter documented her termination and apprised her of the legal option of using the Equal Employment Opportunity Complaints Procedure if she believed she had been the victim of discrimination. The letter did not apprise Ayrault of any other rights she might have, such as a possible appeal to the Merit Systems Protection Board.
 
 
 4
 Ayrault opted to file a complaint in the district court, contending that she had been removed unlawfully because she had not been afforded certain procedural protections of the Civil Service Reform Act, see 5 U.S.C. Secs. 7511-13, which generally require notice of the proposed termination, a right to a statement of reasons supporting the proposed termination and a right to reply. She also asserted that her due process rights under the Fifth Amendment had been violated for similar failures on the FAA's part.
 
 
 5
 The district court granted summary judgment to the FAA and dismissed Ayrault's case. It determined that Ayrault was not entitled to the various procedural protections accorded under the Civil Service Reform Act because she was not an "employee" within the meaning of that statute. See 5 U.S.C. Sec. 7511(a)(1)(C). The district court never specifically ruled on Ayrault's due process claim. Ayrault appeals.
 
 II.
 
 6
 We subject the district court's grant of summary judgment to de novo review. Deutsch v. Burlington Northern Rail Co., 983 F.2d 741, 743 (7th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Here, the district court construed the statute to determine that Ayrault was not an "employee" entitled to the various procedural protections that ordinarily apply when a government employee is "removed" from a government position. See generally 5 U.S.C. Secs. 7512-13. On appeal, the parties argue about whether or not Ayrault, as a student in the Co-op Program for over two years, was intended to qualify as an "employee" under this statutory definition.[1] Resolution of this matter is not, however, necessary. Whether or not Ayrault is an "employee," as she claims to be, we lack jurisdiction to hear her appeal.
 
 
 7
 The Civil Service Reform Act of 1978 (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C. (1988 & Supp. V 1993)), elaborated a comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions. See generally United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). In Fausto, the Supreme Court held that the CSRA's failure to give nonpreference members of the excepted service a right to judicial review precluded resort to legal remedies that had been available prior to the CSRA's enactment. See also LeBlanc v. United States, 50 F.3d 1025, 1029 (Fed.Cir.1995). Allowing resort to alternative remedies for complaints about matters within the statute's scope would undermine the CSRA because the statute "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Fausto, 484 U.S. at 443, 108 S.Ct. at 671. Lower courts, following Fausto, have recognized that the CSRA essentially preempted the field by "supersed[ing] preexisting remedies for all federal employees." LeBlanc, 50 F.3d at 1030; Bodine v. United States, 14 Cl.Ct. 661 (Cl.Ct.1988), aff'd, 865 F.2d 269 (Fed.Cir.1988), cert. denied, 490 U.S. 1048, 109 S.Ct. 1958, 104 L.Ed.2d 427 (1989). See also Schrachta v. Curtis, 752 F.2d 1257, 1260 (7th Cir.1985) (pre-Fausto case concluding that Congress intended the remedies provided by the CSRA to be the exclusive means to remedy violations of its substantive provisions).
 
 
 8
 Part and parcel of the CSRA's comprehensive scheme is the stated congressional intention that one agency, and one court, have the primary responsibility for interpreting the CSRA's provisions. As the Supreme Court stated in Fausto, Congress recognized the primacy of both the Merit Systems Protection Board (MSPB) and the Federal Circuit in interpretive matters under the CSRA. Delegating the task of interpreting the CSRA solely to these two bodies fosters the development "of a unitary and consistent Executive Branch position on matters involving personnel action, avoids an unnecessary layer of judicial review in lower federal courts, and encourages more consistent judicial decisions...." 484 U.S. at 449, 108 S.Ct. at 674 (citations omitted).
 
 
 9
 Thus, the statute envisions a uniform system of appeals. An employee who wishes to complain of an adverse personnel decision must first appeal to the MSPB. 5 U.S.C. Secs. 7513(d), 7701(a). McNabb v. Tennessee Valley Authority, 754 F.Supp. 118, 121 (E.D.Tenn.1990) (failure to exhaust administrative remedies through MSPB precludes judicial review); Liles v. United States, 638 F.Supp. 963, 969 (D.D.C.1986) (same); Solar v. Merit Systems Protection Board, 600 F.Supp. 535, 536 (S.D.Fla.1984) (same). Complaints about the manner in which the MSPB handles matters, by the same token, must be taken to the Federal Circuit as part of an established course of judicial review. 5 U.S.C. Sec. 7703. Bodine, 14 Cl.Ct. at 662 (Federal Circuit is appropriate forum to review order of MSPB); Liles, 638 F.Supp. at 969 (same); Solar, 600 F.Supp. at 537 (same); Brandenburg v. Department of the Air Force, 24 M.S.P.R. 110, 112 (M.S.P.B.1984) (same), aff'd, 785 F.2d 321 (Fed.Cir.1985). See also Daly v. Costle, 661 F.2d 959, 963 (D.C.Cir.1981) (failure to seek judicial review of MSPB's order as required by statute forecloses later complaint about that order in different proceeding), and Forest v. Merit Systems Protection Board, 47 F.3d 409 (Fed.Cir.1995) (Federal Circuit reviews MSPB's interpretation of Sec. 7511(a)(1)(C)'s definition of "employee").
 
 
 10
 These principles are of particular relevance to the present case, where Ayrault claims a right to the CSRA's comprehensive scheme of protections. She specifically asks that we interpret the term "employee" as used in 5 U.S.C. Sec. 7511(a)(1)(C) to extend the CSRA's protections to the class of employees to which Ayrault belongs. Ayrault, as a co-op student, is part of the excepted service.[2] She is therefore possibly an intended beneficiary of Sec. 7511(a)(1)(C). That section was specifically designed "to extend procedural protections to certain employees in the excepted service who have completed 2 years of current continuous service in an Executive agency." 136 Cong.Rec. S11134, 11135 (July 30, 1990) (statement of Sen. Pryor).
 
 
 11
 It is undisputed, however, that besides being a member of the excepted service, Ayrault also holds a probationary position. Section 7511(a)(1)(C)(i) thus apparently excludes her from "employee" status. The section states that an "employee" is
 
 
 12
 (C) an individual in the excepted service (other than a preference eligible)--
 
 
 13
 (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
 
 
 14
 (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less;
 
 
 15
 5 U.S.C. Sec. 7511(a)(1)(C)(i) & (ii). She argues that although she appears to be excluded from the definition of "employee" under subsection (i), she is included under subsection (ii) because she served as a co-op student for approximately 30 months (well over the two years provided in subsection (ii)).
 
 
 16
 Although we may be sympathetic to Ayrault's dilemma, it is not our place to pass on this question. If Ayrault is an "employee," as she claims to be, then the statutory scheme deprives us of jurisdiction. She apparently has not, to our knowledge, filed a claim with the MSPB. This failure to exhaust administrative remedies waives a right to judicial review. McNabb, 754 F.Supp. at 121. Even if she were entitled to judicial review, the appropriate forum for such review would be the Federal Circuit, 5 U.S.C. Sec. 7703(b)(1). See also Bodine, 14 Cl.Ct. at 662. The CSRA obligated Ayrault to follow this established statutory route to obtain relief as a federal employee--if that is indeed her position. See, e.g., Forest, 47 F.3d at 410-11 (Federal Circuit reviews MSPB's interpretation of Secs. 7511(a)(1)(C)(i) & (ii)); Taylor v. Dept. of the Navy, 63 M.S.P.R. 99, 100 (M.S.P.B.1994) (MSPB interprets Sec. 7511(a)(1)(C)); Kane v. Dept. of the Army, 60 M.S.P.R. 605, 609-10 (M.S.P.B.1994) (same).
 
 
 17
 This result may appear unjust: in the face of a fair question about Ayrault's status as an employee, we are demanding that she follow the route established for employees (and this when she never received the notice afforded to employees). Although this is effectively our conclusion on the matter, it is supported by several considerations. First, if Ayrault is not an "employee" within the meaning of the CSRA, Fausto makes clear that she lacks any remedy at all. Fausto holds that the absence of a provision for certain workers (there, nonpreference members of the excepted service):
 
 
 18
 ... is not an uninformative consequence of the limited scope of the statute, but rather manifestation of a considered congressional judgment that they should not have statutory entitlement to review for adverse action of the type governed by Chapter 75.
 
 
 19
 484 U.S. at 448-49, 108 S.Ct. at 674. The Supreme Court also stated that a similar conclusion would be inescapable in cases involving probationary employees. Fausto, 484 U.S. at 450, 108 S.Ct. at 675 (characterizing probationary employees, like nonpreference excepted service employees, as a "disfavored class"). See also LeBlanc, 50 F.3d at 1030 (probationary employee not entitled to complain of type of personnel action falling within scope of CSRA). Ayrault's probationary status convinces us that, if she is not entitled to the CSRA's protections as an "employee," she is entitled to no remedy at all. Because her complaint is precisely that the FAA failed to adhere to the provisions of Chapter 75 during her removal, she falls squarely within a category of workers whom the CSRA deprives of a remedy. If she does not qualify as an "employee" (a matter which we do not decide), she is thus not otherwise entitled to maintain a claim based on the FAA's personnel action.
 
 
 20
 Resolution of the statutory issue that the parties would have us resolve is thus unnecessary. If she is not an "employee," she lacks any remedy, and if she is an "employee," she has failed to pursue her rights as mandated by statute--first with the MSPB and second with the Federal Circuit. Under these circumstances, it is not inappropriate to demand that, if Ayrault seeks the rights of other employees, she follow the route established for them in order to obtain those rights.
 
 
 21
 Our conclusion in this regard is buttressed by Fausto 's concern about avoiding the pre-CSRA "patchwork" of outcomes, and facilitating "the comprehensive and integrated review scheme of the CSRA." 484 U.S. at 454, 108 S.Ct. at 677. The district court is not, in the first instance, the appropriate forum to expound on the meaning of the CSRA's various provisions. That task was delegated to the MSPB, with later review by the Federal Circuit. See, e.g., Forest, 47 F.3d at 410-11 (reviewing the MSPB's interpretation of Sec. 7511(a)(1)(C)). Whatever Ayrault's claim under the CSRA, the appropriate forums in which to pursue it were the MSPB, and then, the Federal Circuit.
 
 III.
 
 22
 Resolution of the parties' disagreement over the terms of the statute is not necessary. Unless Ayrault is an "employee," she lacks a remedy under the CSRA. Yet a conclusion that Ayrault is an "employee" will only trigger application of statutory provisions depriving us of jurisdiction. Whatever the resolution of the statutory dispute, the district court lacked jurisdiction to hear Ayrault's case, as we do her appeal. Because Ayrault is only asserting a complaint under the CSRA, we REMAND to the district court with instructions to dismiss for lack of jurisdiction.
 
 
 
 [1]
 Ayrault apparently has abandoned whatever due process claim she asserted in the district court, and instead focuses solely upon the errors of statutory construction that she believes the district court committed. She therefore asserts only a claim under the CSRA
 
 
 [2]
 The "excepted service" includes "all civilian positions in the executive branch of the Government which are specifically excepted from the requirements of the Civil Service Act or from the competitive service by or pursuant to statute or by the [Civil Service] Commission...." Exec.Order No. 10,577, 3 C.F.R. 218 (1954-1958), reprinted in 5 U.S.C. Sec. 3301 (1977). Aryault's position was "excepted" pursuant to Exec. Order No. 12,015, 3 C.F.R. 150 (1977), reprinted as amended in 5 U.S.C. Sec. 3301 (Supp.1995). Because of her position as a co-op student, Ayrault was probationary pending conversion to the competitive service