139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles WARREN, Plaintiff-Appellant,
v.
United States of America, United States Air Force, and
United States Department of the Air Force,
Defendants-Appellees.
 No. 97-2329.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 27, 1998*.
Decided Mar. 2, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 96 C 896 Paul E. Riley, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Charles Warren brought the present action asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), based on the loss of his federal employment. The district court granted the defendants' motion to dismiss Warren's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). At issue on appeal is whether the Civil Service Reform Act of 1978, Public Law No. 95-454, 92 Stat. 1111 (codified in various sections of Chapter 5 of the United States Code) ("CSRA"), precludes a FTCA action against the United States by a former federal employee for loss of employment. We affirm.
 
 
 2
 We accept the following well-pleaded allegations in Warren's complaint as true and draw all reasonable inferences in his favor. Mallet v. Wisconsin Div. of Vocational Rehabilitation, 130 F.3d 1245, 1248 (7th Cir.1997). Prior to February of 1993, Warren was a civilian employee of the United States Air Force working at Scott Air Force Base in St. Clair County, Illinois. On February 11, Warren requested and received permission from his direct supervisor, Ronald Norrenberns, to leave the job site early, and Warren left prior to his normal quitting time. Some time after Warren spoke with Norrenberns, Norrenberns informed Douglas Kinsbury, the Superintendent of Special Projects, and Richard Eberhardt, the civilian foreman, that Warren left work early without permission. When Warren arrived at the job site on February 12, Norrenberns, Kinsbury, and Eberhardt told him that he had been discharged for leaving work early without permission on the previous day.
 
 
 3
 Warren then filed the present action under the FTCA against Norrenberns, Kinsbury, Eberhardt, as well as the United States of America, the United States Air Force ("USAF"), and the United States Department of Air Force ("USDAF"). Warren alleged that Norrenberns knowingly made false statements regarding his lack of permission to leave work early, and that these statements and his resulting termination caused injury to "his name and reputation." Norrenberns, Kinsbury, Eberhardt moved to substitute the United States of America as defendant in their stead, which the district court granted.
 
 
 4
 The United States, the USAF, and the USDAF then moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), contending that Warren was barred from alleging a claim based on loss of employment under the FTCA because the CSRA provides the exclusive remedy for federal employment disputes. The defendants also contended that Warren failed to show a proper jurisdictional basis for suing the USAF or the USDAF and that Warren did not properly serve the United States or its agencies. The district court granted the defendants' motion to dismiss but did not specify the reason for its dismissal. We review the district court's decision de novo. Mallet, 130 F.3d at 1248.
 
 
 5
 Because Warren was employed as a civilian employee of the USDAF, the CSRA applies to disputes arising out of his employment. See 5 U.S.C. § 2302(a)(2)(B); Steele v. United States, 19 F.3d 531, 532 (10th Cir.1994). The CSRA was enacted to provide a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." Ayrault v. Pena, 60 F.3d 346, 347 (7th Cir.1995) (citing United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988)). The Supreme Court has held that federal employees are protected by the CSRA, which "encompasses substantive provisions forbidding arbitrary action by supervisors" and applies to "a multitude of personnel decisions that are made daily by federal agencies." Bush v. Lucas, 462 U.S. 367, 385, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983).
 
 
 6
 On appeal, Warren merely repeats the same argument that he made in response to the defendants' motion to dismiss, namely, that the CSRA does not bar his loss of employment claim under the FTCA because no specific provision of the CSRA provides a remedy for his precise allegations. However, this claim is without merit because Warren's claims arise solely out of an adverse employment decision made by his supervisors and therefore fall squarely within the scope of the CSRA. Steele, 19 F.3d at 533. The CSRA allows Warren to bring a claim regarding any "prohibited personnel practice." See Robbins v. Bentsen, 41 F.3d 1195, 1202 (7th Cir.1994). As the Supreme Court has held, the absence of a provision in the CSRA creating a specific remedy does not mean that a plaintiff has a remedy beyond the scope of the CSRA; rather, it makes clear that the plaintiff lacks any remedy at all. Ayrault, 60 F.3d at 349 (citing Fausto, 484 U.S. at 448-49). This court and other courts consistently have held that "the CSRA essentially preempted the field by 'supersed[ing] preexisting remedies for all federal employees." ' Id. at 348 (quoting LeBlanc v. United States, 50 F.3d 1025, 1030 (Fed.Cir.1995)).
 
 
 7
 Because Warren failed to state a claim upon which relief can be granted, the district court did not err in granting the defendants' motion to dismiss pursuant to Rule 12(b)(6), and we need not consider the arguments that the parties raise regarding the dismissal of Warren's complaint pursuant to Rule 12(b)(1) and Rule 12(b)(5). For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)