In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-1191

JOHN S. POPE,

*Plaintiff-Appellant*,

*v.*

UNITED STATES DEPARTMENT OF TRANSPORTATION,

*Defendant-Appellee*.

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 2507—**Charles R. Norgle, Sr.**, *Judge*.

---

SUBMITTED JUNE 9, 2005—DECIDED AUGUST 26, 2005

---

Before POSNER, COFFEY, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. Pope applied unsuccessfully for a job as a lawyer with the Federal Motor Carrier Safety Administration, a part of the Department of Transportation. He has sued the department under 5 U.S.C. § 3330b, enacted as part of the Veterans Employment Opportunities Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182, claiming that he would have gotten the job had he received the veteran preference to which he was entitled. The district court dismissed the suit on the government's motion for summary judgment.

The Safety Administration treated Pope's being a veteran as merely a tie breaker: he would get the job only if he were as good as the best competing applicant; and he wasn't. Pope points out that 5 U.S.C. § 3309 entitles veterans to the addition of five or ten points (depending on disability, family status, and other factors) to their scores on job examinations. But this supposes an examination; and the only statutory requirement of an examination is for filling jobs in what is called the "competitive service." 5 U.S.C. § 3304(b); *U.S. Dept. of Health & Human Services v. FLRA*, 858 F.2d 1278, 1279 n. 2 (7th Cir. 1988). The job for which Pope applied is in the "excepted service," defined as "those civil service positions which are not in the competitive service or the Senior Executive Service." 5 U.S.C. § 2103(a). Jobs as lawyers are in the excepted service. 5 C.F.R. § 213.3102. No examination is required for such jobs. *Bosco v. United States*, 931 F.2d 879, 883 n. 2 (Fed. Cir. 1991); *National Treasury Employees Union v. Horner*, 854 F.2d 490, 492 (D.C. Cir. 1988).

Veterans are nevertheless entitled to preference when applying for jobs in the excepted service, *Nixon v. Fitzgerald*, 457 U.S. 731, 787 (1982); *U.S. Dept. of Health & Human Services v. FLRA, supra*, 858 F.2d at 1279 n. 2; U.S. Dept. of Labor, Veterans' Employment and Training Service, VETS Fact Sheet 8, "Veterans Preference," www.dol.gov/vets/programs/fact/veterans_preference_fs08.htm; see also 5 U.S.C. § 3320; *Hillman v. TVA*, 95 M.S.P.R. 162, 170 (2003); *Smith v. United States Postal Service*, 81 M.S.P.R. 92, 99 n. 6 (1999)—there just is no statutory guidance on how much preference they're entitled to when the job is not awarded on the basis of a competitive exam. The Office of Personnel Management, which is authorized to implement the veteran preference statutes, 5 U.S.C. § 1302; *Metzenbaum v. GSA*, 96 M.S.P.R. 104, 110 n. 6 (2004); *American Federation of Government Employees v. OPM*, 821 F.2d 761, 769 n. 8 (D.C.

Cir. 1987), has issued regulations that impose detailed requirements on agencies asked to grant a veteran preference in filling a job in the excepted service. See generally 5 C.F.R. § 302. But the regulations are inapplicable to attorney positions, § 302.101(c)(9), as to which the agency is required only to "follow the *principle* of veteran preference *as far as administratively feasible*." § 302.101(c).

The words we've italicized indicate the extreme vagueness of this mandate, in light of which the decision of the Safety Administration to treat veteran status as merely a tie breaker cannot be thought an abuse of discretion. This would be the applicable legal standard for us to use, given the lack of direction in the regulation, were this a case of judicial review of agency action governed by the Administrative Procedure Act. *Alaska Dept. of Environmental Conservation v. EPA*, 540 U.S. 461, 496-97 (2004); *United States v. Bean*, 537 U.S. 71, 77 (2002). It is not; the Veterans Employment Opportunities Act authorizes a veteran to "file an action with the appropriate United States district court" if, as in this case, the Merit Systems Protection Board does not issue its decision within 120 days, 5 U.S.C. § 3330b, in which event there is no administrative adjudication to review. Compare *United States v. Bean, supra*, 537 U.S. at 74 n. 1. So the question for the district court and this court was simply whether the tie-breaker rule utilized by the employing agency was consistent with the regulation. See *Chandler v. Roudebush*, 425 U.S. 840 (1976); *Martin v. Department of Veterans Affairs*, 412 F.3d 1258, 1263-64 (Fed. Cir. 2005).

But nothing of practical significance turns on the difference in judicial standards. Because the regulation is wholly nondirective, the tie-breaker rule would have to be arbitrary indeed to violate it; it is not arbitrary, and there is therefore no basis for the courts' second guessing the agency. By

granting unguided discretion to the employing agency, the regulation left little room for judicial review. *United States v. Taylor*, 487 U.S. 326, 336 (1988) (where Congress has "merely committed the choice of remedy to the discretion of district courts, without specifying factors to be considered . . . appellate review of that determination necessarily would be limited"); *Schurz Communications, Inc. v. FCC*, 982 F.2d 1043, 1048 (7th Cir. 1992) (where statute "provides no guidance" for exercise of authority "other than that the Commission is to act in accordance with the public interest, convenience, or necessity . . . so nebulous a mandate invests the Commission with an enormous discretion and correspondingly limits the practical scope of responsible judicial review"); *Connecticut Dept. of Children & Youth Services v. Department of Health & Human Services*, 9 F.3d 981, 986 (D.C. Cir. 1993) ("given the extraordinary grant of discretion" in a statute requiring the Secretary of Health and Human Services to implement foster care programs to his "satisfaction," "a state would have to present an egregious claim to prevail").

The judgment of the district court is therefore

AFFIRMED.

No. 05-1191                                                    5

A true Copy:

    Teste:

                               _____
                               *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*