**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 21, 2005[*]
Decided November 23, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2509

| | |
|---|---|
| SUSANNE ATANUS, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *Plaintiff-Appellant* | |
| *v.* | No. 04 C 8347 |
| CHRISTOPHER COX,[**] Administrator, United States Securities and Exchange Commission, | David H. Coar, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

[**] On August 3, 2005, Christopher Cox was sworn in as Chairman of the United States Securities and Exchange Commission and pursuant to Fed. R. App. P. 43(c)(2) replaces Defendant-Appellee William Donaldson.

Susanne Atanus was turned down for the positions of Staff Accountant and Securities Compliance Examiner by the Chicago office of the United States Securities and Exchange Commission (SEC). Atanus disputes the SEC's explanation that she was not selected because she does not meet the minimum qualifications for either position, and after SEC headquarters in Virginia ignored several letters seeking to override the Chicago office, Atanus sued the Commission's chairman in the Northern District of Illinois. Her complaint alleges that she had a right to "appeal" her non-selection to headquarters pursuant to 5 U.S.C. § 7701 and 5 C.F.R. § 1201.3(a)(7), and that the SEC breached its duty to consider her appeal. She also alleges that under 5 C.F.R. § 1202.21 the SEC was required to inform her that she could appeal her non-selection to the Merit Systems Protection Board, but failed to do so. As a remedy Atanus asks that she be awarded one of the positions she applied for plus compensatory damages.

The district court granted the SEC's motion to dismiss Atanus's complaint for lack of subject-matter jurisdiction. The court reasoned that any recourse Atanus might have would come, first, from the MSPB and, after that, the United States Court of Appeals for the Federal Circuit. Atanus appeals this conclusion; our review is de novo. *Patel v. City of Chi.*, 383 F.3d 569, 572 (7th Cir. 2004).

The problem with Atanus's suit, as the district court recognized, is that it lacks a discernible basis for judicial review of her non-selection. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (party invoking federal jurisdiction bears burden of establishing basis for jurisdiction); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction."). In enacting the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of Title 5), Congress intended that the MSPB have primary responsibility for interpreting the Act's provisions. *Ayrault v. Pena*, 60 F.3d 346, 348 (7th Cir. 1995). In order to bypass the agency and move directly to federal court on matters relating to federal employment or retention, the plaintiff must invoke another federal statute that specifically establishes a judicial remedy. *See, e.g., Pope v. United States Dep't of Transp.*, 421 F.3d 480, 482 (7th Cir. 2005) (suit arising under 5 U.S.C. § 3330b challenging application of veteran preference). Atanus identifies no other available remedy. Instead, she essentially asks us to recognize a right to challenge her non-selection in district court under 5 U.S.C. § 7701. But § 7701 vests in the MSPB the authority to review federal employment decisions where appeal is authorized, and if Atanus has any claim regarding her non-selection under § 7701, it properly belongs with the MSPB, not in district court. Further, any judicial review of a final decision by the MSPB would lie with the United States Court of Appeals for the Federal Circuit, and not with the district courts or us. *See* 5 U.S.C. § 7703(b)(1); *Ayrault*, 60 F.3d at 348.

AFFIRMED.